IN THE NINTH JUDICIAL CIRCUIT
COURT IN AND FOR OSCEOLA
COUNTY, FLORIDA

CASE NO:

KEVIN MCDONALD, as Personal
Representative of THE ESTATE OF
DAWN M. MCDONALD, deceased,

     Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,
a foreign corporation.

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN

M. MCDONALD, deceased, and on behalf of the Estate and all survivors sue Defendant,

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign corporation and

state:

### JURISDICTION, VENUE AND THE PARTIES

     1.    This action is brought pursuant to the provisions of the Florida Wrongful Death Act

for damages which exceed the sum of Fifteen Thousand and 00/100 ($15,000.00) dollars,

exclusive of interest, costs, and attorney's fees.

     2.    Venue is appropriate in this court because the events that gave rise to this

Complaint on State Road 429 (Daniel Webster Western Beltway), near mile marker 2 in Osceola

County, Florida.

3. The decedent, DAWN M. MCDONALD, was born on December 13, 1973, was forty-one (41) years of age at the time of her death on August 20, 2015, and was a resident of Polk County, Florida.

4. The duly appointed Personal Representative of THE ESTATE OF DAWN M. MCDONALD, deceased, is her husband, KEVIN MCDONALD.   Attached hereto and marked as **Exhibit "A"** and incorporated herein by reference are the Letters of Administration from the Circuit Court in and for Polk County, Florida appointing KEVIN MCDONALD as the Personal Representative of THE ESTATE OF DAWN M. MCDONALD, deceased.

5. The potential beneficiaries of the decedent and their relationship to the decedent are identified as follows:

a) KEVIN MCDONALD, husband;

b) TIMOTHY BESSINGER, natural son; and,

c) DENNIS WATSON, natural son.

6. In accordance with the Florida Wrongful Death Act, the following damages are herein sought by the beneficiaries/survivors of DAWN M. MCDONALD, deceased:

a) Pain and suffering damages of the husband, KEVIN MCDONALD, from the date of death;

b) Medical and funeral expenses paid or payable by KEVIN MCDONALD on behalf of the decedent;

c) On behalf of KEVIN MCDONALD, Loss of future earnings/financial support;

d) On behalf of KEVIN MCDONALD, future loss of support and services reduced to present value, specifically, including contributions in kind and/or money and services defined as tasks regularly performed by decedent which are now a necessary expense for the surviving spouse, KEVIN MCDONALD;

2

e)    On behalf of KEVIN MCDONALD, loss of companionship and protection;   and

f)    Pain and suffering damages of the natural son, TIMOTHY BESSINGER, from the date of death;

g)    On behalf of TIMOTHY BESSINGER, future loss of support and services reduced to present value, specifically, including contributions in kind and/or money and services defined as tasks regularly performed by decedent which are now a necessary expense for the surviving son, TIMOTHY BESSINGER;

h)    On behalf of TIMOTHY BESSINGER, loss of parental companionship, instruction, and guidance; and,

i)    Pain and suffering damages of the natural son, DENNIS WATSON, from the date of death;

j)    On behalf of DENNIS WATSON, future loss of support and services reduced to present value, specifically, including contributions in kind and/or money and services defined as tasks regularly performed by decedent which are now a necessary expense for the surviving son, DENNIS WATSON;

k)    On behalf of DENNIS WATSON, loss of parental companionship, instruction, and guidance; and,

l)    On behalf of the Estate of DAWN M. MCDONALD, deceased, medical and funeral expenses paid or payable by the Estate.

7.    On the date of the incident that is the subject of this Complaint, Plaintiff and beneficiary/survivor, KEVIN MCDONALD, was a resident of Davenport, Polk County, Florida, and is the duly-appointed Personal Representative of the Estate of DAWN M. MCDONALD, deceased.

8.    That at all times material hereto, beneficiary/survivor, TIMOTHY BESSINGER, was and is a resident of Virginia Beach, Virginia, is the natural son of DAWN M. MCDONALD, deceased, and was twenty-four (24) years old at the time of his mother's death on August 20, 2015.

3

9.     That at all times material hereto, beneficiary/survivor, DENNIS WATSON, was and is a resident of Plymouth, Indiana, is the natural son of DAWN M. MCDONALD, deceased, and was twenty-one (21) years old at the time of his mother's death on August 20, 2015.

10.     That at all times material hereto, CG Auto Transport, Inc., a Florida corporation, owned the 1986 Delavan auto transport trailer, license tag number DZBH78, Vehicle Identification Number 1D9AG7548GB016799, which was attached to the 2005 Freightliner tractor driven by Angel Rodriguez at the time of the accident on August 20, 2015.

11.     That at all times material hereto CG Auto Transport, Inc. was engaged in the business of commercial transport of goods including, but not limited to, the transport of automobiles using multivehicle auto transport trailers and the like.

12.     That at all times material hereto, CG Auto Transport, Inc. was the responsible "motor carrier" as defined by law and was responsible for the transport of automobiles on August 20, 2015, in the semi-tractor trailer involved in the accident with the decedent, DAWN M. MCDONALD.

13.     That at all times material hereto, Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, was a Connecticut for profit corporation registered and authorized to transact insurance business in the state of Florida and at all time material hereto was doing business in Osceola County, Florida.

## GENERAL ALLEGATIONS

14.     This action arises as a result of the wrongful death of DAWN MCDONALD, which occurred on August 20, 2015.  DAWN MCDONALD died when a 2005 Freightliner tractor with Florida license tag number DZBH78 and Vehicle Identification Number 1FUJBBCK15LU83942, with attached 1986 Delavan auto transport trailer, license tag number DZBH78, Vehicle

4

Identification Number 1D9AG7548GB016799, driven by Angel Rodriguez, failed to observe the van DAWN MCDONALD was driving northbound in the left lane of State Road 429.

15.     Angel Rodriguez was traveling to Orlando after making a delivery in Tampa, Florida. Mr. Rodriguez had been making deliveries of automobiles and was returning back to Orlando at the end of his delivery day. The trailer was loaded with three cars as he headed northbound on State Road 429. The subject accident occurred at approximately 5:51 p.m., on the evening of August 20, 2015.

16.     As Angel Rodriguez drove northbound in the far left lane of State Road 429 (Daniel Webster Western Beltway), near mile marker 2 in Osceola County, he failed to observe the white Ford E-150 van being driven by DAWN MCDONALD which was ahead of him in the same left lane. As a result of failing to pay attention and failing to have the semi-tractor trailer under control, Mr. Rodriguez, while operating the approximately 76 ft. long semi-tractor trailer slammed into the back of the van driven by the decedent, DAWN MCDONALD, causing her van to spin out of control and into the guardrail.

17.     That the driver of the semi-tractor trailer, Angel Rodriguez, should have maintained a safe distance between his semi-tractor trailer and the van driven by DAWN MCDONALD and should have had his semi-tractor trailer under control such that he could react to the traffic in front of him such that he would avoid colliding with other vehicles on the roadway. The collision with the vehicle operated by DAWN MCDONALD was so violent it literally crushed the van and caused DAWN MCDONALD to be ejected out the driver's side rear window killing DAWN MCDONALD.

5

18.     That at all times material hereto, Angel Rodriguez operated the semi-tractor trailer with the express and/or implied consent of its owners CG Auto Transport, Inc. and Carlos Gonzalez.

## SPECIFIC STATUTORY PROVISIONS APPLICABLE TO THE NEGLIGENCE OF UNDERINSURED TORTFEASORS, CG AUTO TRANSPORT, INC., CARLOS GONZALEZ, AND ANGEL RODRIGUEZ

19.     On the day of the subject accident, the driver of the semi-tractor trailer, Angel Rodriguez, falsely reported his driver's record of duty status (reported falsified driver's log books) in violation of 49 C.F.R. §395.8(e) in an effort to hide the true number of hours he had been driving that day.

20.     In the month and a half leading up to the subject accident, CG Auto Transport, Inc. drivers were issued violations on three separate occasions for, among other things, (i) violating max driving times and failing to take required breaks in violation of 49 C.F.R. §395.3(a)(3)(ii) on both July 3, 2015 and August 6, 2015; (ii) falsifying drivers record of duty status (falsifying log books) in violation of 49 C.F.R. §395.8(e) on July 3, 2015; (iii) failing to retain or maintain previous seven days logs in violation of 49 C.F.R. §395.8(k)(2) on August 6, 2015; and (iv) failing to maintain a current driver's record of duty status in violation of 49 C.F.R. §395.8(f)(1) on August 12, 2015.

21.     At the time of the subject accident, it was legally the obligation of the underinsured driver and owner of the semi-tractor trailer, Angel Rodriguez, CG Auto Transport, Inc., and Carlos Gonzalez, to maintain and record the driver's duty status for each 24-hour period and for the driver to abide by the maximum driving time limitations set forth for commercial property-carrying motor vehicles in 49 C.F.R. §395.3. These regulations limit the driver's total driving hours and set forth required minimum rest breaks for the safety of others on the roadway. Said violation of

6

falsifying the driving records on the day of the subject accident indicates the driver exceeded the total number of driving hours for that day or failed to take the required breaks set forth in 49 C.F.R. §395.3.   Said action on the part of the underinsured driver and owner of the semi-tractor trailer, Angel Rodriguez, CG Auto Transport, Inc., and Carlos Gonzalez, contributed to cause the death of DAWN MCDONALD.

22.     At the time of the subject accident, the semi-tractor trailer being driven by Angel Rodriguez also had a number of defects present in reference to the tires including, but not limited to, the following:

a)     The right front tire of the tractor had less than 2/32 of an inch tread depth;

b)     Right rear axle number 2 inner tire had less than 1/32 of an inch tread depth in at least two major grooves; and

c)     Left rear axle number 1 inner tire had less than 1/32 of an inch tread depth in one major groove.

23.     Section 316.302, Florida Statutes, states in part:   ". . .tires shall have a tread groove pattern depth of at least 3/32 of an inch when measured in a major tread groove. . ."   The measurements present on at least three (3) of the tires located on the vehicle driven by Angel Rodriguez were in violation of Section 316.302, Florida Statutes and Title 49 of the Code of Federal Regulations (C.F.R.), Part 393.75.   At the time of the accident, it was the legal obligation of the underinsured owners and driver of the semi-tractor trailer, CG Auto Transport, Inc., Carlos Gonzalez, and Angel Rodriguez, to assure said vehicle was not placed on the roadways with unsafe tire tread depth.   These three (3) tires contributed to the unsafe condition of the subject vehicle and said unsafe condition contributed to the accident resulting in the death of DAWN MCDONALD.

24.    At the time of the subject accident, Angel Rodriguez was operating the semi-tractor trailer with a significant air brake system air leak located at the left rear suspension ride height control valve.

25.    Title 49 of the Code of Federal Regulations (C.F.R.), Parts 390-397 of the Federal Motor Carrier Safety Regulations, are applicable in the State of Florida as adopted by Section 316.302 of the Motor Vehicle Laws of Florida.  At the time of the subject accident, it was legally the obligation of the underinsured owners and driver of the semi-tractor trailer, CG Auto Transport, Inc., Carlos Gonzalez, and Angel Rodriguez, to refrain from placing a vehicle on the roadways with an air brake system air leak.  Said conduct constitutes a violation of 49 C.F.R. 393.45.  Said violation on the part of the underinsured owners and driver of the semi-tractor trailer, CG Auto Transport, Inc., Carlos Gonzalez, and Angel Rodriguez, contributed to the unsafe condition of the semi-tractor trailer and said unsafe condition contributed to cause the death of DAWN MCDONALD.

26.    At the time of the subject accident, pursuant to Section 316.610, Florida Statutes, the underinsured owners and driver of the semi-tractor trailer, CG Auto Transport, Inc., Carlos Gonzalez, and Angel Rodriguez, were legally obligated not to place on the roadways of the State of Florida any vehicle which was in an unsafe condition so as to endanger any person or property.  At the time of the subject accident, the semi-tractor trailer driven by Angel Rodriguez was operating in an unsafe condition sufficient to endanger person or property.  The underinsured motor carrier (CG Auto Transport, Inc.), the underinsured driver (Angel Rodriguez), and those underinsured individuals and entities with any ownership interests whatsoever (Carlos Gonzalez and CG Auto Transport, Inc.) were each obligated to inspect the semi-tractor trailer on a routine

8

basis so as to ensure its safe operation.   These underinsured individuals and entities collectively failed to do so and said failure caused or contributed to cause the death of DAWN MCDONALD.

27.     That at the time of the subject accident, driver of the semi-tractor trailer, Angel Rodriguez, violated Section 316.1925, Florida Statutes, by failing to operate his vehicle in a careful and prudent manner having regard for the traffic and other attendant circumstances so as not to endanger the life, limb or property of any person.   It was incumbent legally upon the semi-tractor trailer driver to maintain a safe distance between the tractor-trailer he was driving and the van being driven by DAWN MCDONALD.

28.     The semi-tractor trailer driver, Angel Rodriguez, failed to reduce his speed so as to maintain à safe distance between vehicles as he approached the decedent's, DAWN MCDONALD'S, vehicle and, as a result, collided with DAWN MCDONALD'S vehicle.   Said conduct on the part of the underinsured driver of the semi-tractor trailer, Angel Rodriguez, caused or contributed to cause the death of DAWN MCDONALD.

29.     At the time of the subject accident, the semi-tractor trailer driver, Angel Rodriguez, was legally obligated to comply with the requirements of Section 316.185, Florida Statutes, and was thereby legally required to decrease his speed when special hazards existed or may have existed with respect to other traffic or other roadway conditions, and was legally required to decrease his speed as may be necessary to avoid colliding with any vehicle on the street in compliance with legal requirements and the duty of all persons to use due care.   At the time of the subject accident, the underinsured semi-tractor trailer driver, Angel Rodriguez, failed to reduce his speed as he approached the decedent's, DAWN MCDONALD'S, vehicle and as a result collided with the decedents' vehicle.

30.     Said conduct on the part of the semi-tractor trailer driver, Angel Rodriguez, in failing to reduce his speed as he approached DAWN MCDONALD'S vehicle and failing to use due care to otherwise avoid a collision with DAWN MCDONALD'S vehicle caused or contributed to cause the death of DAWN MCDONALD.

31.     At the time of the subject accident, the semi-tractor trailer driver, Angel Rodriguez, was legally obligated not to follow the vehicles in front of him too closely so as to endanger those motor vehicles or other motor vehicles on the roadway.   Section 316.0895, Florida Statutes, required the Defendant not to follow another vehicle more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.   The driver, Angel Rodriguez, operated the semi-tractor trailer measuring approximately 76 ft. in length far too closely to the vehicle in front of him driven by the decedent, DAWN MCDONALD, and at a speed unsafe for the conditions.   That said violation of Section 316.0895, Florida Statutes, caused or contributed to cause the death of DAWN MCDONALD.

32.     At the time of the subject accident, the semi-tractor trailer driver, Angel Rodriguez, violated Section 316.192, Florida Statutes, in that he operated the semi-tractor trailer with a willful or wanton disregard for the safety of other persons or property.   Specifically, as noted, he falsely reported his driver's record of duty status (reported falsified driver's log books) in violation of 49 C.F.R. §395.8(e), operated the semi-tractor trailer at a speed unsafe for conditions, with three (3) bald tires, with a leaking brake chamber air line, and with blatant disregard for the safety of others as identified by failing to observe and maintain a safe distance and speed when approaching the van driven by DAWN MCDONALD in a setting and at a speed where he knew or should have known he likely would seriously injure or kill any member of the vehicle in front of him.   Said

10

violation of Section 316.192, Florida Statutes, on the part of the underinsured semi-tractor trailer driver, Angel Rodriguez, caused or contributed to cause the death of DAWN MCDONALD.

33.     The semi-tractor trailer driver, Angel Rodriguez, similarly violated Section 316.1925, Florida Statutes, in that he failed to operate the 76 ft. long, semi-tractor trailer in a careful and prudent manner having due regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. The failure of semi-tractor trailer driver, Angel Rodriguez, to comply with Section 316.1925, Florida Statutes, caused or contributed to cause the death of DAWN MCDONALD.

34.     That at all times material hereto, it was incumbent legally upon the underinsured motor carriers, CG Auto Transport, Inc. and Carlos Gonzalez, to refrain from placing any driver of any vehicle it/they owned or operated on the roadways of the State of Florida without first assuring said driver was competent and qualified to operate said vehicle and said vehicle was in a safe condition to be so operated.

35.     That the collective statutory violations identified herein by the underinsured semi-tractor trailer driver, Angel Rodriguez, and the underinsured owners and motor carriers, CG Auto Transport, Inc. and Carlos Gonzalez, contributed to cause the death of DAWN MCDONALD.

36.     That at all times material hereto CG Auto Transport, Inc. and Carlos Gonzalez, were the motor carriers as identified by Title 49 of the Code of Federal Regulations (C.F.R.) and as found in Parts 390-397 of the Federal Motor Carrier Safety Regulations, and as applicable in the State of Florida as adopted by Section 316.302 of the Motor Vehicle Laws of Florida. As the lawfully designated motor carriers, CG Auto Transport, Inc. and Carlos Gonzalez, were obligated

to ensure the semi-tractor trailer driven by Angel Rodriguez would be operated in a safe condition and in a reasonable and prudent manner.

37.    In addition to the obligations set forth above, CG Auto Transport, Inc. and Carlos Gonzalez were also charged with the responsibility of taking reasonable steps to supervise the semi -tractor trailer driver, Angel Rodriguez, after he was hired.

38.    CG Auto Transport, Inc. and Carlos Gonzalez had a duty to other drivers such as DAWN MCDONALD, who was legally upon the public streets, to perform these responsibilities as a reasonable, cautious, and prudent business or individual would under the same or similar circumstances.

39.    CG Auto Transport, Inc. and Carlos Gonzalez breached its/their duty by one or more of the following acts or omissions:

    a)    Instructing, and in fact requiring, the semi-tractor trailer driver, Angel Rodriguez, to drive his semi-tractor trailer in contravention of Federal Regulations and the laws of the State of Florida, knowing such action would greatly endanger other drivers legally upon the roadways of the State of Florida;

    b)    Instructing or permitting the semi-tractor trailer driver, Angel Rodriguez, to drive in excess of the maximum driving times permitted for the safety of others on the roadway in violation of 49 C.F.R. §395.3(a)(3)(ii);

    c)    Instructing or permitting the semi-tractor trailer driver, Angel Rodriguez, to falsify his drivers record of duty status (falsify his log books) in violation of 49 C.F.R. §395.8(e);

12

d)     Providing Angel Rodriguez with a semi-tractor trailer which did not have a fully functional braking system at the time of the aforementioned accident;

e)     Providing Angel Rodriguez with a semi-tractor trailer that had a significant air brake system air leak located at the left rear suspension ride height control valve in direct violation of Section 316.302, Florida Statutes, and 49 C.F.R. 393.45;

f)     Providing Angel Rodriguez with a semi-tractor trailer that had three (3) tires, or more, worn to less than the 3/32 of an inch legal limit for tread depth in direct violation of Section 316.302, Florida Statutes, and 49 C.F.R. 393.75;

g)     Failing to properly instruct Angel Rodriguez in the safe operation of the semi-tractor trailer, which is the subject of this Complaint;

h)     Failing to provide Angle Rodriguez with appropriate and proper training in the operation of the semi-tractor trailer, which is the subject of this Complaint;

i)     Encouraging and permitting drivers employed by CG Auto Transport, Inc. and/or Carlos Gonzalez, such as Angel Rodriguez, to operate semi-tractor trailers in excess of the applicable speed limits so as to encourage said drivers to complete delivery of as many loads as possible throughout the course of a day; and

13

j)      In failing to take other reasonable and necessary precautions

to prevent the accident described herein.

40.     As a direct and proximate result of one (1) or more of the aforementioned acts and/or omissions, DAWN MCDONALD was killed, resulting in damages to her Estate and statutory survivors as more fully set forth above.

## NEGLIGENCE OF UNDERINSURED DRIVER, ANGEL RODRIGUEZ

41.     The underinsured driver of the semi-tractor trailer, Angel Rodriguez, had a duty to citizens, such as DAWN MCDONALD, who were legally upon the public streets, to operate his semi-tractor trailer with the degree of care of a reasonably prudent and cautious driver under the same or similar circumstances.

42.     The underinsured driver of the semi-tractor trailer, Angel Rodriguez, breached this duty by one (1) or more of the following acts and omissions:

a)      Driving in excess of the maximum driving times permitted

for the safety of others on the roadway in direct violation of 49

C.F.R. §395.3(a)(3)(ii);

b)      Falsifying his drivers record of duty status (falsify his log

books) in direct violation of 49 C.F.R. §395.8(e);

c)      Operating the semi-tractor trailer in question with three (3)

tires, or more, that were worn to less than the 3/32 of an inch legal

limit for tread depth in direct violation of Section 316.302, Florida

Statutes, and 49 C.F.R. 393.75;

d)      Operating the semi-tractor trailer in question with a

significant air brake system air leak located at the left rear

14

suspension ride height control valve in direct violation of Section 316.302, Florida Statutes, and 49 C.F.R. 393.45;

e)    Operating the semi-tractor trailer in question in violation of Section 316.0895, Florida Statutes, by following the vehicle driven by DAWN MCDONALD too closely and, as a result, violently colliding with the rear of DAWN MCDONALD's vehicle;

f)    Operating the semi-tractor trailer in question in violation of § 316.185, Florida Statutes, by failing to take into account DAWN MCDONALD'S vehicle in front of him and by filing to react by reducing his speed and slowing his vehicle accordingly to avoid a collision;

g)    Operating the semi-tractor trailer in question in direct violation of § 316.610, Florida Statutes, by allowing an unsafe vehicle in an unsafe condition to be placed upon the roadways of the State of Florida and by failing to inspect said vehicle as required for safety issues;

h)    Operating the semi-tractor trailer in question in direct violation of § 316.1925, Florida Statutes, by failing to take into account all attendant circumstances;

i)    Operating the semi-tractor trailer in question in direct violation of § 316.192, Florida Statutes, by demonstrating a willful or wanton disregard for the safety of persons or property; and,

15

j)     In failing to take other reasonable and necessary precautions

to prevent the accident described herein.

## NEGLIGENCE OF UNDERINSURED MOTORCARRIER AND OWNER, CG AUTO TRANSPORT, INC. AND CARLOS GONZALEZ

43.     That at all times material hereto, CG Auto Transport, Inc. and Carlos Gonzalez, were the owner and motor carrier as identified by Title 49 of the Code of Federal Regulations (C.F.R.) and as found in Parts 390-397 of the Federal Motor Carrier Safety Regulations, and as applicable in the State of Florida as adopted by § 316.302 of the Motor Vehicle Laws of Florida. As the lawfully designated motor carrier, CG Auto Transport, Inc. and Carlos Gonzalez were obligated to ensure the semi-tractor trailer operated by Angel Rodriguez would be operated in a safe condition and in a reasonable and prudent manner.

44.     In addition to the obligations set forth above, CG Auto Transport, Inc. and Carlos Gonzalez were also charged with the responsibility of taking reasonable steps to supervise the semi-tractor trailer driver, Angel Rodriguez, after he was hired.

45.     CG Auto Transport, Inc. and Carlos Gonzalez had a duty to other drivers such as DAWN MCDONALD, who were legally upon the public streets, to perform these responsibilities as a reasonable, cautious, and prudent business or individual would under the same or similar circumstances.

46.     CG Auto Transport, Inc. and Carlos Gonzalez breached its/their duty by one or more of the following acts or omissions:

a)     Instructing, and in fact requiring, the semi-tractor trailer driver, Angel Rodriguez, to drive his semi-tractor trailer in contravention of Federal Regulations and the laws of the State of

16

Florida, knowing such action would greatly endanger other drivers legally upon the roadways of the State of Florida;

b)     Instructing or permitting the semi-tractor trailer driver, Angel Rodriguez, to drive in excess of the maximum driving times permitted for the safety of others on the roadway in violation of 49 CFR §395.3(a)(3)(ii);

c)     Instructing or permitting the semi-tractor trailer driver, Angel Rodriguez, to falsify his drivers record of duty status (falsify his log books) in violation of 49 CFR §395.8(e);

d)     Providing Angel Rodriguez with a semi-tractor trailer which did not have a fully functional braking system at the time of the aforementioned accident;

e)     Providing Angel Rodriguez with a semi-tractor trailer that had a significant air brake system air leak located at the left rear suspension ride height control valve in direct violation of Section 316.302, Florida Statutes, and 49 C.F.R. 393.45;

f)     Providing Angel Rodriguez with a semi-tractor trailer that had three (3) tires, or more, worn to less than the 3/32 of an inch legal limit for tread depth in direct violation of Section 316.302, Florida Statutes, and 49 C.F.R. 393.75;

g)     Failing to properly instruct Angel Rodriguez in the safe operation of the semi-tractor trailer, which is the subject of this Complaint;

17

h)     Failing to provide Angel Rodriguez with appropriate and proper training in the operation of the semi-tractor trailer, which is the subject of this Complaint;

i)     Encouraging and permitting drivers employed by CG Auto and/or Carlos Gonzalez, such as Angel Rodriguez, to operate semi-tractor trailers in excess of the applicable speed limits so as to encourage said drivers to complete delivery of as many loads as possible throughout the course of a day; and

j)     In failing to take other reasonable and necessary precautions to prevent the accident described herein.

47.     As a direct and proximate result of one (1) or more of the aforementioned acts and/or omissions, DAWN MCDONALD was killed, resulting in damages to her Estate and statutory survivors as more fully set forth above.

## COUNT I - UNINSURED/UNDERINSURED MOTORIST CLAIM AGAINST TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

48.     Plaintiff realleges and incorporates by reference herein paragraphs one (1) through forty-seven (47) above and further states as follows:

49.     That at all times material hereto, the decent, DAWN M. MCDONALD, was insured by a policy of uninsured/underinsured motorist insurance issued by Defendant, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, under policy number TC2J-CAP-466K7593-TIL-14, which was in effect on the date of the incident, August 20, 2015. A copy of the insurance policy issued by TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, is attached hereto as **Exhibit "B."**

18

50. Under the policy attached hereto as __Exhibit "B,"__ and at all times material hereto, decedent, DAWN MCDONALD, had available uninsured/underinsured motorist coverage limits in the amount of $1,000,000.

51. On August 20, 2015, decedent, DAWN MCDONALD, was an insured for purposes of the uninsured/underinsured motorist insurance coverage provided under the insurance policy attached hereto as __Exhibit "B."__

52. At the time and place of the aforementioned incident, the adverse driver, Angel Rodriguez, vehicle owner and motor carrier, Carlos Gonzalez and CG Auto Transport, Inc., did not have adequate insurance coverage for the claims and damages asserted by KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, as set forth above. Therefore, DAWN MCDONALD, was an uninsured or underinsured motorist pursuant to the terms and conditions of the policy of insurance issued by Defendant TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, attached hereto as __Exhibit "B."__

53. By virtue of the above described negligence on the part of the driver of the Semi-tractor trailer, Angel Rodriguez, and the owners and motor carriers, CG Auto Transport and Carlos Gonzalez, KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, is entitled to supplementary uninsured/underinsured motorist benefits under the policy of insurance issued by TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, attached hereto as __Exhibit "B."__

54. KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, has made a claim for supplementary uninsured/underinsured motorist benefits under the under the policy of insurance issued by TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, attached hereto as __Exhibit "B."__

19

55.     KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, has furnished TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY with all necessary documentation to pay this claim and have otherwise fully performed all conditions precedent to entitle it to recover the insurance policy for the benefits being sued for herein.   Any conditions precedent which have not been complied with by KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, have been waived by TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY.

56.     Defendant, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, has refused to pay the reasonable damages of THE ESTATE OF DAWN M. MCDONALD under the terms and conditions of the policy of insurance and the declarations page/coverage summary and the facts of this case.

WHEREFORE, Plaintiff, KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, deceased, and on behalf of the Estate and all survivors, demands judgment for damages against Defendant, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, including interest, costs, and such other and further relief as may be just and proper under the circumstances, together with a trial by jury of all issues so triable.

## COUNT II - VIOLATIONS OF SECTION 624.155, FLORIDA STATUTES AGAINST TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA

57.     Plaintiff realleges and incorporates by reference herein paragraphs One (1) through fifty-six (56) above and further states as follows:

58.     This claim will ripen upon the resolution of the uninsured/underinsured motorist claim that Plaintiff is entitled to uninsured/underinsured motorist benefits under the TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY Policy as asserted in Count I of this

20

Complaint and this claim will be voluntarily abated until such determination is made. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So.3d 1214, (Fla. 2016); *Bottini v. GEICO Gen. Ins. Co.*, 8:13-CV-365-T-17EAP, 2014 WL 4749054 (M.D. Fla. Sept. 23, 2014).

59. On December 28, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violation with the Florida Department of Insurance and served a copy of the Civil Remedy Notice of Insurer Violation upon TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY ("Insurance Company CRN"). A copy of the Insurance Company CRN is attached hereto as **Exhibit "C"**.

60. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY responded to the Insurance Company CRN but did not agree to pay the amounts requested or correct the circumstances giving rise to the violation.

61. As a result of the injuries caused by the negligence of the underinsured driver of the semi-tractor trailer and the underinsured owners of the semi-tractor trailer, and the relationship between Plaintiff, THE ESTATE OF DAWN M. MCDONALD, and Defendant, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, under the TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY Policy, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY owed a duty to Plaintiff to attempt in good faith to settle Plaintiff's uninsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

62. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY breached its duties to Plaintiff, in violation of Section 624.155, Florida Statutes, by:

a. Failing to attempt, in good faith, to settle Plaintiff's uninsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured, in violation of Section 624.155(1)(b)(1), Florida Statutes; and by

b. placing its own financial interests before that of Plaintiff.

63. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the Insurance Company CRN.

64. As a result of TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY's failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of his damages pursuant to Section 627.727(10), Florida Statutes, including all damages suffered as a result of the wrongful death and all damages caused by Defendant's failure to act in good faith and statutory violations alleged above.

65. In addition to the contractual benefits owed under the Travelers Property Casualty Insurance Policy, Plaintiff is entitled to interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant's violation; attorney's fees incurred by Plaintiff in the prosecution of its claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

66. As a further direct and proximate result of TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY's failure to act in good faith and statutory violations alleged above, Plaintiff had to agree to pay for the services of the undersigned attorneys to bring

22

this action and recover the damages owed by TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY.  By operation of law, including Sections 627.727(10) and 627.428, Florida Statutes, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

67.    All conditions precedent to Plaintiff's rights to bring this action have occurred or been satisfied.

WHEREFORE, Plaintiff, KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, deceased, demands judgment against Defendant, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to Sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff, KEVIN MCDONALD, as Personal Representative of THE ESTATE OF DAWN M. MCDONALD, deceased, and on behalf of the Estate and all survivors, hereby demands a trial by jury on all issues so triable alleged in this Complaint.

DATED this 21st day of April, 2017.

| | |
|---|---|
| /s/ W. Riley Allen | /s/ Lawrence H. Hornsby, Jr. |
| W. RILEY ALLEN | LAWRENCE H. HORNSBY, JR. |
| Florida Bar No:  338583 | Florida Bar No:  027931 |
| W. RILEY ALLEN, P.A. | HORNSBY LAW |
| 429 S. Keller Rd. #300 | 1936 Lee Rd., Suite 100 |
| Orlando, Florida  32810 | Winter Park, Florida 32789 |
| P:  (407) 838-2000 | P:  (407) 599-3800 |
| rileyallen@floridatriallawyer.com | F:  (407) 599-3801 |
| *Attorneys for Plaintiff* | hank@hornsbylawgroup.com |
| | bonnie@hornsbylawgroup.com |
| | *Attorneys for Plaintiff* |